IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
CIVIL DIVISION

DIAMOND LAKE CONDOMINIUM
ASSOCIATION, INC.

    Petitioner,                                  CASE NO.:

v.

EMPIRE INDEMNITY INSURANCE COMPANY,

    Respondent.

_____/

## COMPLAINT AND PETITION TO COMPEL APPRAISAL

Petitioner, Diamond Lake Condominium Association, Inc., by and through its undersigned attorneys and pursuant to the Florida Rules of Civil Procedure, hereby sue Empire Indemnity Insurance Company and in support thereof, state as follows:

1. This Petition arises from an ongoing insurance dispute between the Parties, with an amount in controversy which exceeds $15,000.00 exclusive of attorneys' fees, interest, and costs.

2. Diamond Lake Condominium Association, Inc. ("Diamond Lake"), is a Florida not for profit Corporation that, among other things, administers the real property known as Diamond Lake Condominiums in Naples, Collier County, Florida.

3. Empire Indemnity Insurance Company ("Empire") is an insurance company authorized to conduct the business of selling and providing insurance coverage within the State of Florida, including Collier County, Florida.

4. The venue for this action lies in Collier County, Florida because (i) the real property that is the subject matter of this insurance dispute is located in Collier County, Florida, and (ii) the actions giving rise to this dispute occurred in Lee County, Florida.

5. Empire issued a policy of insurance to Diamond Lake bearing policy number ECL9489890-05 with effective dates April 11, 2017 to April 11, 2018 covering insured property within Diamond Lake Condominium, including fifteen buildings. A copy of the Policy is attached hereto as Exhibit A and incorporated herein by reference.

6. On or about September 10, 2017, that certain weather event known as Hurricane Irma caused damage at the Insured Premises, including damage to the buildings insured under the Policy issued by Empire.

7. The Empire Policy afforded coverage for the damage to the Insured Property sustained with the passing of Hurricane Irma on September 10, 2017, subject to the terms and conditions set forth therein.

8. Diamond Lake promptly reported the loss to Empire and made a claim for policy benefits.

9. Empire assigned claim number 5630010952 to Diamond Lake's claim and acknowledged coverage for the loss.

10. Empire evaluated the replacement cost value of the damages at $555,966.94 and has made payments totaling $283,026.59 on the claim after application of the policy deductible and depreciation.

11. Diamond Lake submitted a Proof of Loss for a replacement cost value of $8,312,174.31.

12. There is a dispute as to the amount of the loss.

13. The policy issued by Empire contains the following appraisal provision:

Mediation or Appraisal
If we and you:
B.    Disagree on the value of the property or the amount of loss, either may request an appraisal of the loss, in writing. In this event,

> each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.
> Each party will:
> 1.  Pay its chosen appraiser; and
> 2.  Bear the other expenses of the appraisal and umpire equally.
> If there is an appraisal, we will still retain our right to deny the claim.

14. Upon submission of its Proof of Loss, Diamond Lake demanded Appraisal of any dispute as to the amount of loss, and subsequently made at least two additional requests to submit the claim to Appraisal.

15. Empire has acknowledged that there is a dispute as to the amount of loss but refuses to name its appraiser or otherwise engage in the appraisal process.

16. Prior to the institution of this action, Diamond Lake has performed and/or otherwise satisfied all those matters and things properly required of it under the Empire Policy, including the satisfaction of all conditions precedent thereunder, or alternatively, has been excused from performance of the same by the acts, representations, and/or conduct of Empire.

17. Because the Policy was issued and delivered in Florida, this action is subject to the terms of §627.428 Fla. Stat., which mandates an award of attorneys' fees in favor of a prevailing insured, including additional insureds.

18. Because the Policy was issued and delivered in Florida, this action is subject to the terms of §57.104 and §57.041 Fla. Stat., which allow for the issuance of legal assistants' fees and costs, respectively in favor of a prevailing insured.

## COUNT I PETITION TO COMPEL APPRAISAL

19. Diamond Lake hereby reiterates and incorporates by reference paragraphs 1 through 18, above, as if fully set forth herein.

20. This is a Petition for Declaratory Judgment pursuant to F.S. §86.011.

21. Diamond Lake named George Keys as its appraiser and disclosed his association with Keys Claims Consultants, Inc., who had been retained as Diamond Lake's public adjuster. A copy of the agreement between Diamond Lake and Keys Claim Consultants, Inc., was provided to Empire.

22. Empire objected to George Keys serving as Diamond Lake's appraiser, stating,

> Neither Keys Claims Consultants, Inc. nor any of its employees or representatives qualify as an impartial appraiser. Mr. Keys is not impartial as he will receive a portion of the recovery and his company, Keys Claim Consultant's Inc., is also the insured's public adjuster. His company cannot be an agent of the insured for the claim and be the appraiser because an as [sic] agent, Mr. Keys owes a fiduciary duty to protect the interests of his client and therefore cannot be impartial. Also, his company prepared the claim and necessarily, Mr. Keys would be partial to the claim his company prepared.

23. George Keys meets the requirements contained in the Policy to serve as Diamond Lake's party-appointed Appraiser with regard to this claim.

24. There exists an ongoing and justiciable dispute between the parties as to whether the policy contract issued by Empire to Diamond Lake excludes George Keys from serving as an appraiser in the appraisal of the claim.

25. In accordance with Chapter 86 of the Florida Statutes, Diamond Lake avers that they have genuine concerns and questions about their rights and Empire's duties under the Policy; thus, they are seeking from this Court a judicial declaration of those rights, duties and responsibilities.

26. There exists a present, ascertained set of facts, and/or a present controversy concerning said facts, that requires this Court's declaration of the Parties' rights and obligations under the Policy.

27. Both Diamond Lake and Empire have actual and adversarial interests in the Policy and the subject Insurance Claim before this Court.

28. Diamond Lake has a bona fide, actual, present and practical need for a declaration of its right to proceed to appraisal under its policy with Empire, with George Keys as its named appraiser.

29. Diamond Lake is entitled to a declaration of its right to proceed to appraisal on the claim with George Keys serving as its nominated appraiser and compelling Empire to proceed with appraisal, including selection of an umpire, with George Keys as Diamond Lake's appointed appraiser.

30. In invoking this Court's jurisdiction pursuant to Chapter 86 Fla. Stat., Diamond Lake specifically requests that this Court retain jurisdiction for the purpose of awarding any and all appropriate supplemental relief authorized by §86.061 Fla. Stat., including, without limitation, all claims for consequential damages and other relief authorized under Florida law.

31. WHEREFORE, Diamond Lake respectfully requests that this Court declare the Parties' rights, duties and responsibilities in this action, including without limitation, the following specific declarations:

    a. That Empire is required to proceed with Appraisal immediately in accordance with the Policy;

    b. That Empire shall appoint its Appraiser within ten days of the date of this Court's Order adjudicating these issues;

    c.    That Diamond Lake's nominated Appraiser, George Keys meets the requirements for serving as Diamond Lake's Appraiser under the policy;

    d.    This Court's retention of its jurisdiction to appoint an umpire if the party-appointed appraisers are unable to do so as provided for in the policy;

    e.    Finding that this Court has jurisdiction over the respective parties;

    f.    Finding that this Court has jurisdiction over the subject matter;

    g.    To the extent warranted by the instant facts and in accordance with Florida law, this Court's award of pre-judgment interest to Diamond Lake;

    h.    To the extent warranted by the instant facts and in accordance with Florida law, this Court's award of post-judgment interest to Diamond Lake;

    i.    Adjudicating Diamond Lake's entitlement to an award of those reasonable attorneys' fees, legal assistant fees, and costs incurred in the prosecution of this action for declaratory relief, as authorized by §627.428, §57.104 and §57.041 Fla. Stat.;

    j.    This Court's retention of its jurisdiction for supplemental proceedings pursuant to §86.061, Fla. Stat.; and

    k.    Adjudicating such other and further relief as this Court deems just and proper.

## COUNT II BREACH OF CONTRACT

32. Diamond Lake hereby reiterates and incorporates by reference paragraphs 1 through 18, above, as if fully set forth herein.

33. This is an action for damages resulting from Empire's breach of the policy of insurance which constitutes a binding contract between the parties.

34. Empire has undervalued Diamond Lake's claim and has failed to extend full policy benefits due or make any payments for Diamond Lake's loss, in breach of the policy contract.

35. Empire has further breached the policy contract by refusing to proceed with the appraisal process.

36. As a result of Empire's breach, Diamond Lake has suffered damages, including monetary damages, and/or loss of full use of the insured premises, and consequential damages.

37. As a result of Empire's actions, Diamond Lake has appropriately incurred and become obligated to pay attorney's fees and costs in prosecuting this claim for insurance coverage, including the relief requested herein and are entitled to reimbursement of said fees and costs from Empire pursuant to §627.428 Fla. Stat.

WHEREFORE, Diamond Lake Condominium Association, Inc. requests entry of Final Judgment against Empire Indemnity Insurance Company awarding Diamond Lake compensatory and consequential damages, attorneys' fees, costs, prejudgment interest and all other relief that this Court deems just and proper.

Dated this **24th** day of June, 2019.

                    BOYLE & LEONARD, P.A.
                    Gregory L. Evans, Esq.
                    Florida Bar No.: 0767824
                    Alicia M. Lopez, Esq.
                    Florida Bar No.: 161160
                    2050 McGregory Blvd.
                    Ft. Myers, Florida 33901
                    239-337-1303
                    239-337-7676 (facsimile)
                    Eservice@insurance-counsel.com
                    gevans@insurance-counsel.com
                    alopez@insurance-counsel.com

                    By:*/s/ Alicia M. Lopez*
                          Alicia M. Lopez, Esq.