UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIAMOND LAKE CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                                        Case No.: 2:19-cv-547-FtM-38NPM

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER[1]

Before the Court is Defendant's Amended Motion for Partial Summary Judgment (Doc. 36) and Plaintiff's Unopposed Fed. R. Civ. P. 56(d) Motion for Deferment of Response to, and Ruling Upon, Defendant's Amended Motion (Doc. 42). Although Defendant has not responded to Plaintiff's Motion, it is unopposed so the Court will rule without awaiting a response. For these reasons, the Court grants Plaintiff's Motion and denies Defendant's without prejudice.

A party opposing summary judgment "should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997). Plaintiff moves for an extension of time and deferment of a ruling on summary judgment under Rule 56(d). That Rule follows:

> **When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

> reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Those seeking the protection Rule 56(d) offers cannot rely on vague assertions that more discovery is necessary. *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1287 (11th Cir. 2019). Instead, a party "must specifically demonstrate how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843-44 (11th Cir. 1989) (internal quotation marks and citation omitted). In general, however, courts should not grant summary judgment until the nonmovant can conduct discovery. *Snook v. Tr. Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988).

Given Plaintiff's argument on incomplete discovery, the affidavit in support, and the parties' agreement on the matter, the Court concludes Rule 56(d) applies. Plaintiff contends there is outstanding discovery directly relevant to summary judgment. Because discovery is ongoing, Plaintiff does not yet have all the information needed to respond to summary judgment. (Doc. 42-1). And discovery does not close for over three months. (Doc. 21 at 1). So summary judgment is premature, and there is good cause to grant Plaintiff's Motion. *See, e.g.*, *Rosolen v. Home Performance All., Inc.*, No. 2:19-cv-24-FtM-38NPM, 2019 WL 6251358, at *1 (M.D. Fla. Nov. 23, 2019); *Nat'l Union Fire Ins. Co. of*

*Pittsburgh, PA v. Classic Yacht Serv., Inc.*, No. 2:18-cv-153-FtM-99UAM, 2019 WL 1858294, at *1 (M.D. Fla. Apr. 25, 2019).

The parties agree to extend the deadline for Plaintiff's summary judgment response until twenty-one days after certain discovery is complete, along with deferral of a ruling on summary judgment until after that time. (Doc. 42 at 11). In its discretion under Rule 56(d), however, the Court concludes the better option is to deny Defendant's Motion with leave to refile rather than defer. *See* Fed. R. Civ. P. 56(d)(1) (stating "the court may: (1) defer considering the motion or deny it"). Dispositive motions are not due for four months (Doc. 21 at 2), so Defendant will not be prejudiced by denying the motion instead of deferring its consideration. Defendant can simply move again for summary judgment after the necessary discovery occurs.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Unopposed Fed. R. Civ. P. 56(d) Motion for Deferment of Response to, and Ruling Upon, Defendant's Amended Motion (Doc. 42) is **GRANTED** to the extent that ruling on Summary Judgment is premature.

2. Defendant's Amended Motion for Partial Summary Judgment (Doc. 36) is **DENIED without prejudice**. Defendant may refile an amended motion for summary judgment after all necessary discovery takes place.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of February, 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record