UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIAMOND LAKE
CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff,

v.                                      Case No. 2:19-cv-547-FtM-38NPM

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.

## ORDER

Before the Court are the Joint Motion to Appoint Umpire (Doc. 70), Plaintiff's Notice of Proposed Umpires (Doc. 74), and Defendant's Notice of Proposed Umpires (Doc. 73). Diamond Lake Condominium Association, Inc. brings this action concerning its entitlement to insurance-policy benefits for damages to its condominium complex caused by Hurricane Irma. (Doc. 29). On September 30, 2020, the Court ordered the parties to complete the appraisal process. (Doc. 68). In the Order, the Court directed the parties to file a joint motion to appoint umpire if they were unable to agree on an umpire. The present motion ensued.

Diamond Lake chose appraiser Paul Middleton (Doc. 74-1) and Empire Indemnity Insurance Company chose appraiser Kevin Bryant (Docs. 73-6), but the

appraisers could not agree on an umpire. So both parties jointly requested the Court appoint an umpire pursuant to the appraisal provision in the policy. (Doc. 50-1, p. 44). The parties submitted lists of potential umpires and their curricula vitae (Docs. 73, 74), and the Court held a hearing on November 10, 2020, during which counsel and the parties' respective appraisers spoke to the suitability of each proposed umpire for this matter.

"Unlike arbitration procedures, appraisals are less formal proceedings, where the umpire independently attempts to resolve any differences in the appraisals offered by both sides." *Preferred Nat'l Ins. Co. v. Miami Springs Golf Villas, Inc.*, 789 So. 2d 1156, 1157 (Fla. 3d DCA 2001).[1] When appointing an umpire, a court may appoint someone with the appropriate expertise. *Liberty Mut. Fire Ins. Co. v. Hernandez*, 735 So. 2d 587, 589 (Fla. 3d DCA 1999). For example, a court may appoint a contractor, retired judge, or an attorney who has the appropriate expertise. *Id.*

After questioning each appraiser about the proposed umpires, entertaining oral argument of counsel, carefully reviewing the qualifications of potential umpires, and considering the nature of the property and loss at issue, the Court finds Daniel J. Luby, AIC qualified to serve as umpire for the appraisal process. Mr. Luby has a

---

[1] In diversity cases, Florida substantive law applies. *Evanston Ins. Co. v. Etcetera, Etc Inc.*, No. 2:18-CV-103-FTM-99MRM, 2018 WL 3526672, *3 n.2 (M.D. Fla. July 23, 2018.

Bachelor of Science in Building Construction and Contracting and a Master of Building Construction along with over thirty-years' experience in the building industry. (Doc. 73-4). He is not only a Florida Certified General Contractor, but also a Certified Umpire and Certified Appraiser from the Insurance Appraisal and Umpire Association and from the Windstorm Insurance Network. (*Id.*). And both appraisers agreed to the importance of these certifications for an umpire. Mr. Luby's expertise in large commercial projects will expedite the appraisal process so that it will be conducted in a timely and cost-efficient manner. With his expertise in the building industry, Mr. Luby is highly qualified to act as an umpire in this case.

Accordingly, it is **ORDERED** that the Joint Motion to Appoint Umpire (Doc. 70) is **GRANTED** and the Court appoints Daniel J. Luby to act as appraisal umpire.

**DONE** and **ORDERED** in Fort Myers, Florida on November 10, 2020.

*/s/ Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE