UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DIAMOND LAKE
CONDOMINIUM ASSOCIATION,
INC.,

     Plaintiff,

v.                              Case No.:  2:19-cv-547-SPC-NPM

EMPIRE INDEMNITY
INSURANCE COMPANY,

     Defendant.

_____/

## OPINION AND ORDER[1]

Before the Court is Plaintiff Diamond Lake Condominium Association, Inc.'s Motion for Summary Judgment (Doc. 99). Defendant Empire Indemnity Insurance Company responded in opposition (Doc. 102), to which Diamond Lake replied (Doc. 104). In its response, Empire moved to dismiss or stay the case. Diamond Lake opposed that request (Doc. 103). The Court denies Diamond Lake's Motion without prejudice and grants Empire's request to stay.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND

This is a Hurricane Irma insurance dispute.  At the time, Empire insured Diamond Lake's property (the "Policy").   After the storm, Empire acknowledged coverage and determined the loss value.  But Diamond Lake disagreed with the valuation.  So it demanded appraisal.  Eventually, Diamond Lake sued for breach of contract and to compel appraisal.

After the pleadings closed, Empire moved for summary judgment on Diamond Lake's claim for Ordinance and Law ("O&L") coverage.  Because the parties agreed discovery was necessary for a response, the Court denied the motion.  After some discovery, Diamond Lake moved to compel appraisal.  The Court granted the motion and stayed the case during appraisal.

With that process over, the parties are back.  And best the Court can tell, only O&L coverage (along with attorney's fees and costs) is unresolved. Diamond Lake now seeks summary judgment on Empire's affirmative defense to O&L coverage.  Empire counters the action should be dismissed or abated.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  And a material fact is in genuine

dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears the initial burden to show the lack of genuinely disputed material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If carried, the burden shifts onto the nonmoving party to point out a genuine dispute. *Beard v. Banks*, 548 U.S. 521, 529 (2006). At this stage, courts view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

## DISCUSSION

The briefing touches on several matters revolving around O&L coverage. But the Court need address only two issues: pleading and ripeness.

## A. Pleading

First, Empire says the O&L coverage issue is outside the scope of the Complaint. Not so. Count 2 is for breach of contract. And as pled, the claim is broad. In part, Count 2 focused narrowly on Empire "refusing to proceed with the appraisal." (Doc. 29 at 7). But Diamond Lake didn't stop there. It broadly alleges Empire undervalued the Claim and "failed to extend full policy benefits or make any payments." (Doc. 29 at 7). Those allegations could include failing to provide O&L coverage.

If Empire wanted a more definite statement, it never sought such relief. Instead, it answered the Complaint—waiving the chance for a clearer pleading. *See* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement . . . before filing a responsive pleading."). What's more, the record shows Empire knew Count 2 is (in part) based on O&L coverage. In fact, it amended the Answer to assert an affirmative defense to that theory. (Doc. 31 at 7). And earlier, Empire moved for summary judgment on O&L coverage to "narrow the issues in dispute" and "dispose of [Diamond Lake's] claim for coverage of the increased cost of construction." (Doc. 36 at 2).

In short, Count 2 seeks O&L coverage. So Diamond Lake is not pursuing summary judgment on an unalleged or unraised theory. Whether the claim for O&L coverage is premature is a separate matter addressed below.

## B. Ripeness

And second, Diamond Lake seeks summary judgment on Empire's affirmative defense to providing O&L coverage. It may do so. Fed. R. Civ. P. 56(a). Yet the claim to which the affirmative defense applies is unripe. So the Court denies Diamond Lake's Motion without prejudice.

Before beginning, the Court should orient the analysis. Empire mentions the claim is unripe, then it argues O&L coverage is moot. In response, Diamond Lake relies on the test for Article III standing. These justiciability doctrines are related—but separate—concepts. *E.g.*,

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335 (2006).  And each has a different analysis.[2]  Like Diamond Lake argues, it has standing on Count 2 as injury, causation, and redressibility exist.  And O&L coverage is not moot because there is a live dispute, on which the Court could grant relief.  But ripeness is another matter.

Unripe disputes raise constitutional and prudential concerns.  *Club Madonna, Inc. v. City of Miami Beach*, 924 F.3d 1370, 1379-80 (11th Cir. 2019).  At bottom, the ripeness doctrine "protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes."  *Digit. Props.*, 121 F.3d at 589.  The analysis looks at "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration."  *Club Madonna*, 924 F.3d at 1380 (citation omitted).  This O&L dispute is not yet fit for judicial review because the Court cannot decide it "without further factual development" and no interests "favor immediate review."  *See id.*  Here's why.

In general, O&L provides coverage for "the cost of bringing any structure . . . into compliance with applicable ordinances or laws."  *Jossfolk v. United Prop. & Cas. Ins.*, 110 So.3d 110, 111 (Fla. Dist. Ct. App. 2013).  The Policy

---

[2] *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016) (standing); *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (mootness); *Digit. Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) (ripeness).

offers O&L coverage for increased construction costs (i.e., Coverage C). Importantly, however, the Policy reads:

>    a.  We will not pay under Coverage C:
>
>        (1)  Until the property is actually repaired or replaced at the same or another premises; and
>
>        (2)  Unless the repairs or replacement are made as soon as reasonably possible after the loss or damage, not to exceed two years.  We may extend this period in writing during the two years.

(Doc. 29 at 68).

The parties mostly dispute whether Empire can rely on the Policy's two-year limitation for repairs.  But the Court need not resolve that issue now.  It's undisputed Diamond Lake has not yet repaired the property.  And the Policy is clear—Empire need not pay for O&L coverage "[u]ntil the property is actually repaired."  (Doc. 29 at 68).

When interpreting identical language in similar provisions (replacement cost value), "courts have almost uniformly held that an insurance company's liability . . . does not arise until the repair or replacement has been completed." *Ceballo v. Citizens Prop. Ins.*, 967 So.2d 811, 815 (Fla. 2007).  That is because these "until and unless" provisions are often "plain and unambiguous." *CMR Constr. and Roofing, LLC v. Empire Indem. Ins.*, 843 F. App'x 189, 192 (11th Cir. 2021).  Of course, when that's the case, courts simply apply the contractual

language. *Taurus Holdings, Inc. v. U.S. Fid. and Guar. Co.*, 913 So.2d 528, 532 (Fla. 2005).

That plain-language outcome is the same here. *See Buckley Towers Condo., Inc. v. QBE Ins.*, 395 F. App'x 659, 662 (11th Cir. 2010). Empire need not pay anything under the O&L provision until Diamond Lake completes repairs. Before that time, Count 2—as it relates to O&L coverage—is unripe because the breach has yet to occur. The issue is not, as Diamond Lake argues, that no damages are due. Rather, the problem is Empire cannot breach the O&L provision for nonpayment or failing to extend benefits until the repairs are finished. And while Diamond Lake started repairs, it is not guaranteed they will complete them. So only a hypothetical fact pattern requires a ruling on Empire's two-year defense (i.e., *if* Diamond Lake repairs the property, can Empire rely on the Policy limitation?). In other words, Diamond Lake wants an advisory opinion on whether Empire might have a defense to an unripe claim. The Court cannot opine on such matters. *See, e.g., Gulfside, Inc. v. Lexington Ins.*, No. 2:19-cv-851-SPC-MRM, 2021 WL 4307151, at *5 (M.D. Fla. Sept. 22, 2021) (refusing to rule on coverage defense to unripe claim).

With that decided, the issue becomes whether to dismiss or stay the case. Both parties agree the Court may stay.[3] (Doc. 102 at 10; Doc. 103 at 6). And

---

[3] The parties discuss this in terms of abatement. While often used interchangeably, abatements and stays differ. *Regions Ban v. Samiian*, No. 3:10-cv-646-J-99MMH-MCR, 2011

the facts here are unique.  None of Diamond Lake's claims are entirely unripe. Rather, only one theory of Count 2 needs more factual development.  Given the circumstances and interests of judicial economy (both for the parties and Court), the Court will stay this case while Diamond Lake completes its repairs. If that occurs, either party can move for summary judgment on O&L coverage.

Accordingly, it is now **ORDERED:**

1. Plaintiff's Amended Motion for Partial Summary Judgment (Doc. 99) is **DENIED without prejudice**.

2. Defendant's Cross Motion to Dismiss or Abate (Doc. 102) is **GRANTED in part**.

3. This case is **STAYED**.

    a. Plaintiff must **FILE** a status report on progress of the repairs **by January 27, 2022**, and **every thirty (30) days** after.

    b. Plaintiff must **NOTIFY** the Court **within seven (7) days** of completing the repairs.

4. The Clerk is **DIRECTED** to **ADD** a stay flag on the docket.

---

WL 13295455, at *5 (M.D. Fla. Mar. 22, 2011).  As the Court understands it, the parties refer to staying "the case pending the completion of repairs."  *See* (Doc. 102 at 10).  So the Court construes this as a request to stay.  *See Lapham v. Gov't Emps. Ins.*, No. 8:19-cv-2016-T-36AAS, 2019 WL 11074777, at *1 n.1 (M.D. Fla. Nov. 19, 2019) (construing motion to abate discovery as motion to stay).

DONE and ORDERED in Fort Myers, Florida on December 27, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record